EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAFFODIL TYMINSKI (Cal. Bar No. 243680)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0917
     Facsimile: (213) 894-0142
     E-mail: Daffodil.Tyminski@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>IVAN DEJESUS CARDONA-CASTANEDA,<br><br>　　　　　Defendant. | No. CR ED16-018-JGB<br><br>PLEA AGREEMENT FOR DEFENDANT<br>IVAN DEJESUS CARDONA-CASTANEDA |

1.   This constitutes the plea agreement between IVAN DEJESUS CARDONA-CASTANEDA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the sole count of the indictment in United States v. Ivan DeJesus Cardona-Castaneda, CR

1  ED No. CR16—018-JGB, which charges defendant with being an illegal

2  alien found in the United States following deportation or removal in

3  violation of 8 U.S.C. § 1326(a).

4          b.    Not contest facts agreed to in this agreement.

5          c.    Abide by all agreements regarding sentencing contained

6  in this agreement.

7          d.    Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10         e.    Not commit any crime; however, offenses that would be

11  excluded for sentencing purposes under United States Sentencing

12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13  within the scope of this agreement.

14         f.    Be truthful at all times with Pretrial Services, the

15  United States Probation Office, and the Court.

16         g.    Pay the applicable special assessment at or before the

17  time of sentencing unless defendant lacks the ability to pay and

18  prior to sentencing submits a completed financial statement on a form

19  to be provided by the USAO.

20         h.    Not to file a notice of appeal of a collateral attack.

21                    <u>THE USAO'S OBLIGATIONS</u>

22  3.    The USAO agrees to:

23         a.    Not contest facts agreed to in this agreement.

24         b.    Abide by all agreements regarding sentencing contained

25  in this agreement.

26         c.    At the time of sentencing, provided that defendant

27  demonstrates an acceptance of responsibility for the offense up to

28  and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 19 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in the sole-count of the indictment, that is, a violation of 8 U.S.C. § 1326(a), the following must be true: (1) defendant was lawfully deported or removed from the United States; (2) after defendant's deportation or removal, defendant voluntarily entered the United States; (3) after defendant entered the United States, defendant knew that defendant was in the United States and knowingly remained; (4) defendant was found in the United States without having obtained consent to reapply for admission into the United States from the Attorney General or the Secretary of the Department of Homeland Security, or any authorized representative of either official; and (5) defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States.  In order for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2), defendant's deportation or removal must have occurred after defendant was convicted of an aggravated felony, that is, the felony described in paragraph 10 below.

<u>PENALTIES</u>

5.   The statutory maximum sentence that the court can impose for a violation of Title 8, United States Code, Section 1326(a), where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) apply, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

4

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

10.   Defendant admits that defendant is, in fact, guilty of violating 8 U.S.C. § 1326(a) as described in the information, and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) as set forth above.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to

5

1   the charge described in this agreement and to establish the

2   Sentencing Guidelines factors set forth below but is not meant to be

3   a complete recitation of all facts relevant to the underlying

4   criminal conduct or all facts known to either party that relate to

5   that conduct.

6       Defendant, a citizen of Mexico, was at all times relevant to

7   this plea agreement an alien, that is, not a natural-born or

8   naturalized citizen, or national, of the United States.  On or about

9   September 16, 2004, defendant was convicted of an aggravated felony,

10  namely, possession with intent to distribute marijuana, a drug

11  trafficking offense for which the sentence imposed exceeded 13

12  months, in the United States District Court for the Western District

13  of Pennsylvania, case number CR-03-217-006, for which defendant

14  received a sentence of 21 months.

15      Defendant was lawfully deported or removed from the United

16  States on or about August 26, 2005, and September 1, 2005.

17  Subsequent to defendant's most recent deportation or removal,

18  defendant knowingly and voluntarily re-entered and thereafter

19  remained in the United States.  Defendant did so without the consent

20  of the Attorney General or his designated successor, the Secretary of

21  the Department of Homeland Security, or of any authorized

22  representative of either the Attorney General or that Department, to

23  reapply for admission or to otherwise re-enter and remain in the

24  United States.  After defendant re-entered and remained in the United

25  States, on or about March 1, 2016, immigration authorities found

26  defendant in Riverside County, within the Central District of

27  California.

28

1

SENTENCING FACTORS

2      11.  Defendant understands that in determining defendant's

3  sentence the Court is required to calculate the applicable Sentencing

4  Guidelines range and to consider that range, possible departures

5  under the Sentencing Guidelines, and the other sentencing factors set

6  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7  Sentencing Guidelines are advisory only, that defendant cannot have

8  any expectation of receiving a sentence within the calculated

9  Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate up to the maximum set by statute for the crime of

13  conviction.

14      12.  Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | [U.S.S.G. § 2L1.2(a)] |
| Deportation or Removal after Conviction for a Felony That Is a Drug Trafficking Conviction for Which the Sentence Exceeded 13 Months: | +16 | [U.S.S.G. § 2L1.2(b)(1)(A)] |
| Acceptance of Responsibility | -3 | [U.S.S.G. § 3E1.1] |
| Early Disposition Program Departure: | -2 | [U.S.S.G. § 5K3.1] |
| Total Offense Level: | 19 | |

25      13.  Defendant and the USAO reserve the right to argue for a

26  sentence outside the sentencing range established by the Sentencing

27  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

28  (a)(2), (a)(3), (a)(6), and (a)(7).

7

## WAIVER OF CONSTITUTIONAL RIGHTS

14.  Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

        f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

8

1  appeal defendant's conviction on the offense to which defendant is

2  pleading guilty.

3                 WAIVER OF APPEAL AND COLLATERAL ATTACK

4       16.  Defendant gives up the right to appeal all of the

5  following: (a) the procedures and calculations used to determine and

6  impose any portion of the sentence; (b) the term of imprisonment

7  imposed by the Court, provided it is within the statutory maximum;

8  (c) the fine imposed by the court, provided it is within the

9  statutory maximum; (d) the term of probation or supervised release

10  imposed by the Court, provided it is within the statutory maximum;

11  and (e) any of the following conditions of probation or supervised

12  release imposed by the Court: the conditions set forth in General

13  Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

14  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

15  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

16       17.  Defendant also gives up any right to bring a post-

17  conviction collateral attack on the conviction or sentence, except a

18  post-conviction collateral attack based on a claim of ineffective

19  assistance of counsel, a claim of newly discovered evidence, or an

20  explicitly retroactive change in the applicable Sentencing

21  Guidelines, sentencing statutes, or statutes of conviction.

22       18.  This agreement does not affect in any way the right of the

23  USAO to appeal the sentence imposed by the Court.

24                 RESULT OF WITHDRAWAL OF GUILTY PLEA

25       19.  Defendant agrees that if, after entering a guilty plea

26  pursuant to this agreement, defendant seeks to withdraw and succeeds

27  in withdrawing defendant's guilty plea on any basis other than a

28  claim and finding that entry into this plea agreement was

1  involuntary, then the USAO will be relieved of all of its obligations

2  under this agreement.

3  EFFECTIVE DATE OF AGREEMENT

4       20.   This agreement is effective upon signature and execution of

5  all required certifications by defendant, defendant's counsel, and an

6  Assistant United States Attorney.

7  BREACH OF AGREEMENT

8       21.   Defendant agrees that if defendant, at any time after the

9  signature of this agreement and execution of all required

10  certifications by defendant, defendant's counsel, and an Assistant

11  United States Attorney, knowingly violates or fails to perform any of

12  defendant's obligations under this agreement ("a breach"), the USAO

13  may declare this agreement breached.  All of defendant's obligations

14  are material, a single breach of this agreement is sufficient for the

15  USAO to declare a breach, and defendant shall not be deemed to have

16  cured a breach without the express agreement of the USAO in writing.

17  If the USAO declares this agreement breached, and the Court finds

18  such a breach to have occurred, then: (a) if defendant has previously

19  entered a guilty plea pursuant to this agreement, defendant will not

20  be able to withdraw the guilty plea, and (b) the USAO will be

21  relieved of all its obligations under this agreement.

22       22.   Following the Court's finding of a knowing breach of this

23  agreement by defendant, should the USAO choose to pursue any charge

24  that was either dismissed or not filed as a result of this agreement,

25  then:

26            a.   Defendant agrees that any applicable statute of

27  limitations is tolled between the date of defendant's signing of this

28  agreement and the filing commencing any such action.

10

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not

11

error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

12

1

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      27.  The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF

7 CALIFORNIA

8 EILEEN M. DECKER
United States Attorney

9

10 _____        7/13/16

DAFFODIL TYMINSKI             Date

11 Assistant United States Attorney

12 _____        7/18/16

IVAN DEJESUS CARDONA-CASTENADA  Date

13 Defendant

14 _____        7/18/16

DAVID ARREDONDO               Date

15 Attorney for Defendant Ivan DeJesus
Cardona-Castenada

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

IVAN DEJESUS CARDONA-CASTANEDA
Defendant

7/18/16
Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Ivan DeJesus Cardona-Castaneda's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          7/18/16
DAVID ARREDONDO                          Date
Attorney for Defendant Ivan DeJesus
Cardona-Castaneda